**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                                     No. 95-5745

ALVIN THOMAS HARRISON, JR.,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
James C. Fox, Chief District Judge.
(CR-93-105-F)

Submitted: May 31, 1996

Decided: July 26, 1996

Before MURNAGHAN, NIEMEYER, and HAMILTON,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Brian E. Clemmons, YOUNG, MOORE, & HENDERSON, P.A.,
Raleigh, North Carolina, for Appellant. Janice McKenzie Cole,
United States Attorney, Robert E. Skiver, Assistant United States
Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Alvin Thomas Harrison, Jr., appeals the sentence of 178 months imprisonment imposed on him by the district court after remand. See United States v. Harrison, 58 F.3d 115 (4th Cir. 1995). He contends that the district court erred in departing above the guideline range under USSG § 4A1.3, p.s.,[1] and failed to make the level-by-level findings required under United States v. Rusher, 966 F.2d 868, 884 (4th Cir.), cert. denied, 506 U.S. 926 (1992). He also argues that the extent of the departure was unreasonable. We affirm.

Harrison was first sentenced in 1994 for conspiracy to import marijuana and cocaine. Harrison's offense level was 27 and he was in criminal history category VI with 45 criminal history points. His prior criminal record included three breaking and entering convictions in 1984 which were not counted in his criminal history because they were consolidated for sentencing and a suspended sentence was imposed. However, it was not clear from the presentence report that any of these offenses involved burglary of a dwelling. Harrison's later breaking and entering convictions all involved commercial structures. Therefore, it was not clear that Harrison was either a career offender or a de facto career offender.[2] Id. at 118-19; USSG §§ 4B1.1, 4B1.2. The district court departed upward by 4 offense levels to the offense level which would have applied had Harrison been a career offender and sentenced him to a term of 235 months. Harrison, 58 F.3d at 116-17. The sentence was later reduced to 178 months for substantial assistance on the government's motion.

_____

**1** United States Sentencing Commission, Guidelines Manual (Nov. 1995).

**2** **See United States v. Cash**, 983 F.2d 558, 561-63 (4th Cir. 1992), cert. denied, 508 U.S. 924 (1993).

2

Harrison appealed his sentence. This court remanded for resentencing, finding that, if a departure was warranted, the district court must make level-by-level findings to explain the extent of its departure as required by Rusher, unless supplementation of the record produced evidence which would permit the court to sentence Harrison as a de facto career offender.

On remand, the district court again found that the extent and nature of Harrison's prior criminal conduct warranted a departure. The court then moved to successively higher offense levels above level 27, adding one level for each three additional criminal history points until it reached level 31.**3** The court explained that each of the levels below offense level 31 were inadequate to reflect the seriousness of Harrison's criminal history. The court found that offense level 31 was adequate because it equated with the range of punishment which would have been applicable to Harrison had he been a career offender and, therefore, was "adequate punishment for even the most severe criminal history." The court also found that a sentence at the high end of the resulting guideline range was appropriate because Harrison received no additional punishment for the 15 criminal history points he had accumulated beyond the number necessary for category VI. Therefore, the district court again imposed a sentence of 235 months, again reduced to 178 months for substantial assistance. Harrison again appeals his sentence.

Harrison first contends that no departure was warranted.**4** In decid-

_____

**3** The court found that offense level 28 was appropriate for a defendant with 16-18 criminal history points; level 29 was appropriate for a defendant with 19-21 points; level 30 was appropriate for a defendant with 22-24 points; and level 31 was appropriate for a defendant with 25-27 points.

**4** The government argues that Harrison has forfeited review of the district court's decision to depart by not objecting to a departure at the first sentencing or raising the issue in the first appeal. Harrison opposed a departure at the first sentencing hearing. In his first appeal, Harrison argued that he had been given inadequate notice that a departure was contemplated and challenged the court's departure directly to the career offender guideline range and its decision to impose a sentence at the top of that range. Although he did not attack the departure decision directly, our prior opinion expressed no opinion on the general propriety of a departure. Harrison, 58 F.3d at 119. Therefore, Harrison is not foreclosed from raising the issue by the mandate rule. United States v. Bell, 5 F.3d 64, 66-67 (4th Cir. 1993).

3

ing whether an upward departure under USSG § 4A1.3 is warranted, the district court should consider "not only the number of prior offenses . . . but also their seriousness." Cash, 983 F.2d at 561. Rusher requires the sentencing court to give a reasoned statement in support of a departure. 966 F.2d at 882. At the first sentencing hearing, the district court cited "the repetitive nature of [Harrison's] prior . . . breaking and entering offenses." At the resentencing hearing, the district court found that the "extent and nature" of Harrison's criminal history justified a departure. Harrison argues that the district court made only conclusory statements in support of a departure. However, Harrison had convictions for thirty-one separate breaking and entering offenses. This fact and his total of 45 criminal history points amply supported the district court's decision to depart.

Next, Harrison maintains that the district court failed to explain, as required in Rusher and Cash, why each successive criminal history category or offense level did not adequately reflect his criminal history before considering the next higher category or offense level. Harrison argues that the district court's findings were inadequate because they were based solely on the number of his criminal history points. He suggests that the court should have considered at each step the nature of his prior offenses (all non-violent) as well as the number of offenses. However, Rusher does not call for such a detailed analysis. We find that the district court adequately explained its reason for departing to offense level 31.

Last, Harrison asserts that the district court improperly sentenced him as a career offender. However, the court did not sentence him as a career offender or a de facto career offender. The court merely found that a departure beyond the guideline range which would have applied if he were a career offender would be unreasonable and in this manner determined the upper limit of its departure. The extent of a departure is reviewed for abuse of discretion. United States v. Hummer, 916 F.2d 186, 192 (4th Cir. 1990), cert. denied, 499 U.S. 970 (1991). The district court did not abuse its discretion here.

We therefore affirm the sentence imposed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4